# CHARLESTON.

JOHN GILLESPIE, *Admr.,* v. MONARCH CARBON COMPANY *et al.*

(No. 5203.)

Submitted February 5, 1925.    Decided March 17, 1925.

LANDLORD AND TENANT—*Landlord Liable for Injury to Tenant From Acts of Misfeasance.*

The landlord is liable for acts of misfeasance committed by him on the premises, causing injury to the tenant.

LIVELY and HATCHER, Judges, absent.

Error to Circuit Court, Fayette County.

Action by John Gillespie, as administrator of Martha Beda Gillespie, his infant child, against the Monarch Carbon Company and another. At close of evidence, on motion, named defendant was dismissed from suit. Judgment was for plaintiff as against defendant Kanawha & Hocking Coal & Coke Company, and it brings error.

*Affirmed.*

*Conley & Johnson,* for plaintiff in error.
*John L. Gillespie,* and *George Love,* for defendant in error.

LITZ, JUDGE:

The plaintiff sues for the alleged wrongful death of his infant child, Martha Beda, resulting from the negligence of defendant, Monarch Carbon Company and Kanawha & Hocking Coal & Coke Company. She and her twin sister, Mary Freda, seven months of age, were burned to death December 22, 1921, in a fire which consumed the house occupied by the plaintiff and his family at Carbondale, Fayette County. The fire is alleged to have been caused by gas escaping from a defective gas meter, installed under the house by the coal company, acting in behalf of the gas company. At the close of the evidence, on motion of defendant Monarch Carbon Company, it was dismissed from the suit. A verdict was returned against the defendant Kanawha & Hocking Coal & Coke Company for $2000.00, and judgment entered thereon. The defendant coal company prosecutes error.

This is a companion to the case of *John Gillespie, Admr., v. Monarch Carbon Company,* decided contemporaneously herewith, involving substantially the same state of facts. There is no new question except the defense of the coal company that it is not liable by reason of the relation of landlord and tenant between it and plaintiff under the rule:

"A landlord is not bound to keep the leased premises in repair, nor is he responsible to the tenant for injuries resulting to the latter from the nonrepair of the leased premises. He is liable only for acts of misfeasance, and not of non-feasance."

The defendant having installed the defective meter, an act of misfeasance on its part, the rule relied on therefore does not apply.

The judgment of the circuit court will be affirmed.

*Affirmed.*